UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:

COMPLAINT OF GO RIO SAN
ANTONIO, LLC as The Bareboat
Charter/Owner Pro Hac Vice of the                     Case No. SA-20-CV-1304-JKP
M/V Excursion Bearing Hull
Identification Number LALMB037K717,

    *Petitioner*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a *Motion to Dismiss for Lack of Subject-Matter Jurisdiction* (ECF No. 7) filed by Claimant Lee Jenkins and an *Unopposed Motion to Dismiss the Limitation Proceeding* (ECF No. 11) filed by Petitioner. After the deadline for responding to Claimant's motion to dismiss passed without response, Petitioner filed its unopposed motion. After considering all matters of record and the applicable law, the Court grants both motions.

## I. BACKGROUND

Pursuant "to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, et seq., and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure," Petitioner commenced this action by filing a *Verified Complaint for Exoneration from or Limitation of Liability* (ECF No. 1). It alleges that this case "involves an admiralty and maritime claim within the meaning of [Fed. R. Civ. P.] 9(h)." *Id.* at 1. It invokes jurisdiction under 28 U.S.C. § 1333 and 46 U.S.C. § 30501, et seq.

> because the alleged incident involved a vessel operating on the navigable waters of the San Antonio River, which was formed from a navigable river, and capable of supporting maritime commerce, such as the Vessel operated by Petitioner, among other commercial ventures on the San Antonio River involving the transportation and persons on and about the waters of the San Antonio River, and that this satisfies the requirements for invoking the Court's admiralty jurisdiction.

*Id.* at 2.

According to the Complaint, "[o]n or about January 29, 2020, an allision on the San Antonio River involving the Vessel occurred allegedly causing injuries to passengers aboard the Vessel."[1] *Id*. at 3. And on May 5, 2020, Petitioner received notice of claimed "injury while aboard the Vessel on January 29, 2020." *Id*. It alleges that the claims "may or will exceed the amount of value of [its] interest" in the vessel, which it sets at $147,727.00, the insured value of the vessel. *Id*. at 4.

Thus, "Petitioner demands exoneration from or limitation of liability for all claims, damages, injuries, or losses of any kind caused, occasioned or arising out of the use of the Vessel on or about January 29, 2020." *Id*. at 5. As security, it submits

> an *Ad Interim* Stipulation for Value accompanied by a properly executed Letter of Undertaking for Value issued by Travelers Property Casualty Company of America ("Travelers"), the liability insurer of the Vessel on January 29, 2020, in the amount of $147,727.00, together with interest, at the applicable rate per annum, and costs, for the payment of Petitioner's interest in the Vessel.

*Id*.; *Ad Interim Stipulation for Value* (ECF No. 1-2). It identifies one potential claimant, Lee Jenkins. *See List of Potential Claimants* (ECF No. 1-3). It provides a proposed order approving its security, directing issuance of notice, and restraining prosecution of claims. *See ECF No. 1-4*. It also provides a proposed notice (ECF No. 1-5) and a *Stipulation for Costs* (ECF No. 1-6).

Because the Court had jurisdictional concerns, it ordered Petitioner to show cause why this case should not be dismissed for lack of jurisdiction. *See Order to Show Cause* (ECF No. 4). Before Petitioner responded to that order, Claimant Jenkins filed his motion to dismiss on essentially the same concerns set out in the *Order to Show Cause*. In response to the show cause order, Petitioner sought permission for the parties to conduct jurisdictional discovery. *See Supp. Br. Re: Admiralty Juris.* (ECF No. 8). Petitioner stated, "that if discovery on this issue shows that the San Antonio

---

[1] "An allision is a collision between a moving vessel and a stationary object." *Contango Operators, Inc. v. United States*, 965 F. Supp. 2d 791, 803 (S.D. Tex. 2013), *aff'd sub nom. Contango Operators, Inc. v. Weeks Marine, Inc.*, 613 F. App'x 281 (5th Cir. 2015).

River is not a navigable waterway under admiralty jurisdiction that it will advise the Court and dismiss its limitation action." *See id*. at 3. Petitioner further stated that "should discovery show that the San Antonio River is navigable, Petitioner will supplement its briefing to the Court and respond to Claimant's motion." *See id*.

The Court granted the jurisdictional discovery, ordered the parties to submit a stipulated discovery plan that would control barring further court order, granted Claimant Jenkins seven days from the discovery deadline to supplement the motion to dismiss, and set a deadline for Petitioner to respond to the motion at "twenty-one days after the discovery deadline." *See Order* (ECF No. 9). The parties stipulated to a discovery deadline of April 30, 2021, and stated that if they needed additional discovery, they "would return to the Court for approval." *See Stip. Juris. Discovery Schedule* (ECF No. 10).

No party made any filing after that stipulation until Petitioner filed its motion yesterday. Petitioner therein explains that "discovery revealed that while the San Antonio River is navigable in stretches and flows all the way to the Gulf of Mexico, there are several impediments along the River that make portions of it impassable by vessel." *ECF No. 11* at 1. Recognizing that the incident leading to this action occurred on a portion of the San Antonio River along the River Walk, which confines "vessels the size of the one at issue in this case" to that area through "man-made structures," Petitioner concedes that admiralty jurisdiction appears lacking. *Id*. at 2-3. It thus requests that the Court dismiss this case because jurisdiction is lacking based upon the discovery conducted and the current law in the Fifth Circuit. *Id*. at 1, 3.

## II. ADMIRALTY ACTIONS

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provide special procedures for various claims. *See* Supp. Rule A. They apply to "the procedure in admiralty and maritime claims within the meaning of [Fed. R. Civ. P.] 9(h) with respect to . . . (iv)

3

actions for exoneration from or limitation of liability." *See* Supp. Rule A(1). Rule 9(h) sets out how to designate a claim as an admiralty or maritime claim, but a prerequisite for such a designation is that the "claim for relief" be within the admiralty or maritime jurisdiction. Through Supp. Rule A(1), Rule F of the Supplemental Rules addresses the procedure for actions for "Limitation of Liability." As summarized by the Supreme Court:

> The procedure for a limitation action is now found in Supplemental Admiralty and Maritime Claims Rule F. Much like its predecessor provisions, Rule F sets forth the process for filing a complaint seeking exoneration from, or limitation of, liability. The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

Much of Supp. Rule F is incorporated into the Limitation of Liability Act, which became effective in its current form in October 2006.[2] Section 30511 of the Act (formerly § 185) now specifically states that an "owner of a vessel may bring a civil action in a district court of the United States." Subparagraphs (a) and (b) of § 30511 essentially duplicate matters set out in Supp. Rule F(1). And § 30511(c) provides: "When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."

Addressing the Limitation of Liability Act, the predecessor to the current Act, the Fifth Circuit held that the "Act does not confer jurisdiction upon federal courts." *Guillory v. Outboard Motor Corp.*, 956 F.2d 114, 115 (5th Cir. 1992) (per curiam). Instead, admiralty jurisdiction must

---

[2] The former act was found at 46 U.S.C. § 181 et seq. and has also been referred to as the "Limitation Act." *See Lewis*, 531 U.S. at 446. The current act is also known as the "Limitation of Shipowners' Liability Act," 46 U.S.C. § 30501, et seq. *See Eckstein Marine Serv., L.L.C. v. Jackson (In re Eckstein Marine Serv. L.L.C.)*, 672 F.3d 310, 314 & n.8 (5th Cir. 2012).

arise from "U.S. CONST. art. III, § 2 and 28 U.S.C. § 1333(1)." *Id*. The Fifth Circuit continues to rely upon *Guillory* to find that the current Act provides no basis for federal jurisdiction outside the realm of admiralty jurisdiction. *See In re Bertucci Contracting Co., L.L.C.*, 544 F. App'x 308, 315 (5th Cir. 2013) (per curiam); *In re Silver Slipper Casino Ven. LLC*, 264 F. App'x 363, 365 (5th Cir. 2008) (unpublished). Thus, a vessel's owner may only invoke the Act's protections in federal court when admiralty jurisdiction exists. *See In re Silver Slipper Casino Ven. LLC*, 264 F. App'x at 365.

Admiralty jurisdiction exists when the owner has satisfied the "conditions both of location and of connection with maritime activity." *Strong v. B.P. Exploration & Prod., Inc.*, 440 F.3d 665, 669 (5th Cir. 2006) (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995)). As summarized in *Grubart*:

> "A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The connection test raises two issues. A court, first, must "assess the general features of the type of incident involved," to determine whether the incident has "a potentially disruptive impact on maritime commerce." Second, a court must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity."

513 U.S. at 534 (citations omitted). Furthermore, even when admiralty jurisdiction exists, the "Limitation Act's six-month filing requirement" provides another jurisdictional hurdle for a vessel's owner that wants to invoke the Act's protections. *See Eckstein Marine Serv., L.L.C. v. Jackson (In re Eckstein Marine Serv. L.L.C.)*, 672 F.3d 310, 314-15 (5th Cir. 2012).

Before applying Supp. Rule F, courts should assure themselves that admiralty jurisdiction exists for cases presented under admiralty law. The federal courts have an "independent obligation to assess [their] jurisdiction before exercising the judicial power of the United States." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and

statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

Petitioner relies upon admiralty jurisdiction in this case. But its filed complaint provides few details as to the incident leading to this litigation, made little to no effort to connect the incident to maritime commerce, and left a significant question regarding location. At that time, Petitioner essentially presumed that the San Antonio River qualified as navigable waters as required by admiralty jurisdiction. But, in a different context, the Fifth Circuit has found some portions of the San Antonio River not properly "regarded as a navigable water of the United States." *See Named Individual Members of San Antonio Conservation Soc. v. Tex. Highway Dep't*, 496 F.2d 1017, 1025 (5th Cir. 1974). In the original complaint, Petitioner did not identify the portions of the river at issue in this case. Nor did it present any facts to support finding that the incident occurred on navigable water or that an injury suffered on land was caused by a vessel on navigable water.

From the information initially provided, the Court could not conclude that admiralty

jurisdiction existed in this case because Petitioner's pleading lacked sufficient information to satisfy the twin requirements for admiralty jurisdiction under 28 U.S.C. § 1333(1). The Court thus issued its show cause order, which seemingly prompted Claimant's motion to dismiss, and directly led to the request for jurisdictional discovery. And, as set out in Petitioner's motion to dismiss, discovery confirmed that the incident did not occur on navigable water.

Through its latest filing, Petitioner concedes that admiralty jurisdiction is lacking. Given that concession and its other filings, Petitioner has not carried its burden to establish federal jurisdiction. Discovery shows that the incident did not occur on navigable water. And the Fifth Circuit has at least twice held that landlocked lakes do not constitute navigable water for purposes of admiralty jurisdiction because interstate travel through the waterway was not possible. *See Guillory*, 956 F.2d at 115 (addressing Crooked Creek Reservoir in Louisiana); *Macgowan v. Cox*, 487 F. App'x 930, 931 (5th Cir. 2012) (per curiam) (addressing Lake LBJ). Based on the discovery conducted in this case and the cited Fifth Circuit precedent, this Court lacks admiralty jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *Motion to Dismiss for Lack of Subject-Matter Jurisdiction* (ECF No. 7) filed by Claimant Lee Jenkins and **GRANTS** the *Unopposed Motion to Dismiss the Limitation Proceeding* (ECF No. 11) filed by Petitioner. By separate document, the Court will issue judgment and dismiss this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 11th day of June 2021.**

*[signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**